UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES LEE SHIELDS,           )
                             )
         Plaintiff,          )
                             )
     vs.                     )     No. 4:06-CV-682 (CEJ)
                             )
STEVE LONG, et al.,          )
                             )
         Defendant.          )

**MEMORANDUM AND ORDER**

This matter is before the Court on the joint motion of defendants to dismiss for failure to exhaust administrative remedies. Plaintiff filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff James Lee Shields is an inmate incarcerated at the Potosi Correctional Center (PCC). He alleges that prison officials issued retaliatory conduct violations and improperly handled his legal and other mail. He filed this action pursuant to 42 U.S.C. § 1983, seeking damages from defendants Steve Long (Assistant Director), Pat Smith (Superintendent of Operations), Fred Johnson (Superintendent I), Chuck Dwyer (Associate Superintendent of Offenders Management), Ian Wallace (Functional Unit Manager), Steve Larkins (Associate Superintendent), Sharon Gifford (Functional Unit Manager), Ron Nixon (Grievance Officer), Robert Savage (Grievance Officer), Tim Lancaster (Correctional Officer II), Freda Moore (Classification Caseworker), Sharon Sansoucie (Correctional Officer I and Mailroom Supervisor), Unknown Rush (Correctional Officer I), and Philip Nixon (Functional Unit Manager).

Defendants Long, Johnson, Wallace, Larkins, Gifford, Savage, Lancaster, Moore, and Sansoucie argue that plaintiff's complaint must be dismissed because he failed to properly exhaust all administrative remedies.

I. **Background**

The record includes copies of administrative proceedings with respect to the following claims for relief:

1. On October 23, 2002, plaintiff submitted Informal Resolution Request (IRR) No. PCC-02-1792, addressing delayed delivery of incoming mail. He filed a grievance on November 2, 2002, an appeal on December 31, 2202, and a second appeal on January 8, 2003.

2. On March 14, 2003, plaintiff submitted IRR No. PC-03-404, addressing delayed delivery of incoming mail. He filed a grievance on April 24, 2003, an appeal on June 17, 2003, and a second appeal on August 25, 2003.

3. On June 6, 2003, plaintiff filed IRR No. PC-03-972, addressing delays in receiving return receipts and signature cards on certified mail he placed in the prison mail system. The record includes a grievance appeal dated September 17, 2003, and a second appeal dated January 7, 2004.

4. On December 4, 2003, plaintiff filed IRR No. PC-03-2103, addressing the refusal by defendant Rush to accept outgoing mail. He filed a grievance on January 5, 2004. The grievance was due on January 2, 2004, and the IRR was deemed abandoned.

5. On July 26, 2004, plaintiff submitted IRR No. PCC-04-888, addressing alleged retaliatory conduct violations issued by defendant Watson on July 17 and 24, 2204. He filed a grievance on August 17, 2004 and an appeal on October 4, 2004.

6. On November 1, 2004, plaintiff submitted IRR No. PCC-04-1432, addressing unauthorized opening of legal mail. He filed a grievance on November 18, 2004 and an appeal on January 15, 2005.

7. On August 22, 2005, plaintiff submitted IRR No. PCC-05-898, addressing closure of the prison library. He filed a grievance on September 13, 2005, and an appeal on November 18, 2005.

8. On September 12, 2005, plaintiff filed IRR No. PCC-05-984, addressing unauthorized opening of legal mail. He filed a grievance on October 11, 2005 and an appeal on December 29, 2005.

**II. Discussion**

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all available administrative remedies before bringing an action challenging prison conditions under § 1983. 42 U.S.C. § 1997e(a). Defendants assert that plaintiff's complaint must be dismissed because he failed to name in his grievances each individual defendant he later sued in federal court. And, as defendants note, in Abdul-Muhammad v. Kempker, 450 F.3d 350 (8th Cir. 2006), the Eighth Circuit Court of Appeals held that "a prisoner who files a complaint in federal court asserting multiple

claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances."

The United States Supreme Court has since clarified that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 127 S. Ct. 910, 923 (2007). The Supreme Court also rejected the "total exhaustion" rule pursuant to which a complaint containing both exhausted and unexhausted claims was dismissed in its entirety. Id. at 923-26. While it is clear that no unexhausted claim may be considered, id. at 923, courts are to apply a claim-by-claim analysis and proceed with exhausted claims. Id. at 925-26.

The sole basis for defendants' motion to dismiss was the now-abrogated rule requiring total exhaustion of claims against all named defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Long, Johnson, Wallace, Larkins, Gifford, Savage, Lancaster, Moore, and Sansoucie to dismiss [Doc. #14] is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion to supplement the motion to dismiss [Doc. #17] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend to exclude unexhausted claims [Doc. #27] is **denied as moot.**

-4-

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2008.