UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LEE SHIELDS, Plaintiff, | ) | |
| vs. | ) | No. 4:06-CV-682 (CEJ) |
| STEVE LONG, et al., Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Pat Smith to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff has filed an opposition to the motion.

Plaintiff James Lee Shields is an inmate incarcerated at the Potosi Correctional Center (PCC). He alleges that prison officials issued retaliatory conduct violations and improperly handled his legal and other mail. He filed this action pursuant to 42 U.S.C. § 1983, seeking damages from multiple defendants.[1] Defendant Pat Smith moves to dismiss, arguing that plaintiff has failed to state a basis for holding her liable under § 1983.

**I. Background**

---

[1]Steve Long (Assistant Director), Pat Smith (Superintendent of Operations), Fred Johnson (Superintendent I), Chuck Dwyer (Associate Superintendent of Offenders Management), Ian Wallace (Functional Unit Manager), Steve Larkins (Associate Superintendent), Sharon Gifford (Functional Unit Manager), Ron Nixon (Grievance Officer), Robert Savage (Grievance Officer), Tim Lancaster (Correctional Officer II), Freda Moore (Classification Caseworker), Sharon Sansoucie (Correctional Officer I and Mailroom Supervisor), Unknown Rush (Correctional Officer I), and Philip Nixon (Functional Unit Manager).

In late 2002, mail containing legal documents was unreasonably delayed in reaching plaintiff. With respect to defendant Smith, plaintiff alleges that:

(A) “Pat Smith ASO knowingly rejected Plaintiff’s argument that the mail was tampered with . . .” [Complaint ¶ 81].

(B) Pat Smith “failed to adequately train mailroom personnel and/or protect privileges and property interest of Plaintiff to receive mail in a reasonable time frame and guard against deliberate[ly] and intentionally depriving him of his right to due process . . .” Id. ¶ 82.

(C) Defendants “Pat Smith, Mailroom Personnel [and other individually named defendants] knowingly with intentional[] and deliberate[] indifference action deprived Plaintiff of his right to due process and equality in the First Amendment . . . as they fail[ed] to protect Plaintiff[’s] privileges and liberty interest of the Offender’s mail, specifically when [seven named defendants] participated in a conspiracy . . . [in] complete disregard for the well establish[ed] policy and procedures.” Id. ¶ 161.

(D) Defendant Smith and “[t]he aforementioned officers fail[ed] to perform their known duties to protect Plaintiff[’s] liberty and property interest, in that the Mailroom Personnel was under the authority of the aforementioned Officers . . .” Id. ¶ 162.

(E) Defendant “Smith [and others] deprived Plaintiff of his right to Freedom [of] Expression, Privacy, Property and Liberty

Interest in Plaintiff['s] mail as they deliberately used unskilled mailroom workers to handle the aforesaid mail . . ." Id. ¶ 168.

**II. Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

**III. Discussion**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's contention in Claim A that Smith "knowingly rejected Plaintiff's argument that the mail was tampered with . . ." does not allege a violation of a protected right as there is no federally-created obligation for prison officials to accept an inmate's assessment or characterization of a particular event. Defendant Smith's motion will be granted on this claim.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). *Respondeat superior* cannot be the basis of liability in a § 1983 claim, Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990), and defendants are liable for their personal acts only. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37-38 (8th Cir. 1995). The allegations in Claim D amount to no more than an impermissible attempt to hold Smith liable for the actions of persons whom she supervised. In Claim C, plaintiff alleges that Smith was deliberately indifferent but the gravamen of the claim is that other defendants conspired to interfere with his mail. Plaintiff does not allege that Smith had knowledge of the alleged conspiracy and the conclusory recitation of "deliberate indifference" is not sufficient to sustain a claim against Smith. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (complaint must allege

specific facts to support conclusions). Smith's motion to dismiss will be granted with respect to these claims.

A supervisor may be held individually liable under § 1983 if he or she (1) directly participates in the constitutional violation or (2) fails to train or supervise the subordinate who caused the violation. Brockinton v. City of Sherwood, AR, 503 F.3d 667, 673 (8th Cir. 2007), citing Tilson v. Forrest City Police Dept., 28 F.3d 802, 806 (8th Cir. 1994). Plaintiff does not allege that defendant Smith directly participated in delaying the delivery of his mail; he does, however, allege in Claims B and E that Smith failed to train mailroom personnel.

The standard of liability for failure to train is deliberate indifference. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). Plaintiff must allege that (1) the prison's training practices regarding mail handling were inadequate; (2) defendant Smith's failure to train represents a deliberate and conscious choice; and (3) the deficiency in the training caused a violation of a protected right. See Ambrose v. Young, 474 F.3d 1070, 1079 (8th Cir. 2007) (elements of failure-to-train claim). Giving this *pro se* complaint the benefit of liberal construction, as the Court must, the Court concludes that plaintiff has alleged, at most, that mailroom personnel were deliberately indifferent to plaintiff's rights and that Smith was negligent in her oversight of them. Negligence, even gross negligence, is not actionable under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Sellers by and through

Sellers v. Baer, 28 F.3d 895, 902-03 (8th Cir. 1994). Defendant Smith's motion will be granted with respect to these claims.

In conclusion, plaintiff has failed to make factual allegations that "raise a right to relief above the speculative level." See Bell Atlantic Corp., 127 S. Ct. at 1965.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Pat Smith to dismiss [Doc. #41] is **granted**.

A separate dismissal order will be entered this same date.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2008.